UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Civil Action No. 1:21-cv-21410

ERNESTO P. FERNANDEZ DIAZ,

    Plaintiff,

v.

VITAL RECOVERY SERVICES, LLC,

    Defendant,

_____/

## COMPLAINT

**NOW COMES** ERNESTO P. FERNANDEZ DIAZ, by and through his undersigned counsel, complaining of Defendant VITAL RECOVERY SERVICES, LLC, as follows:

### NATURE OF THE ACTION

1.    Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. and the Florida Consumer Collection Practices Act ("CCPA"), Fla. Stat. §559.55 *et. seq.*

### JURISDICTION AND VENUE

2.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3.    This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367.

4.    Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2).

### PARTIES

5.    ERNESTO P. FERNANDEZ DIAZ ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Miami Lakes, Florida.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. Plaintiff is a "consumer" as defined by Fla. Stat. § 559.55(8).

8. VITAL RECOVERY SERVICES, LLC ("Defendant") maintains its principal place of business at 4775 Peachtree Industrial Boulevard, Suite 310, Berkeley Lake, Georgia 30092.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because (1) the principal purpose of Defendant's business is the collection of debt and (2) it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

10. Defendant is a "debt collector" as defined by Fla. Stat. § 559.55(7).

## FACTUAL ALLEGATIONS

11. At some point, Plaintiff and a co-signer leased a 2017 Volkswagen vehicle.

12. At the end of the lease, Plaintiff returned the vehicle to Volkswagen.

13. The co-signer on the Volkswagen received a dunning letter from Defendant but Plaintiff never received one.

14. In or around January 2021, Plaintiff started receiving unwanted and unconsented to collection calls from Defendant attempting to collect an alleged balance on the lease of approximately $600 ("subject debt").

15. In response to the letter sent to Plaintiff's co-signer, Plaintiff called Defendant and advised that he did not owe the subject debt.

16. Plaintiff also provided his current address to Defendant.

17. Plaintiff asked how to dispute the subject debt.

18. In response, Defendant sent Plaintiff an email address to which he could send a dispute.

19. Also during this phone call, Plaintiff requested that Defendant stop calling.

20. On January 18, 2021, Plaintiff sent a dispute to the email address provided by Defendant.

21. This dispute also requested that Defendant send a full accounting of the subject debt.

22. Plaintiff never received a response to the dispute sent to Defendant.

23. Also, Plaintiff never received a copy of the dunning letter despite providing Defendant with his current address.

24. Unfortunately, Defendant has continued to place phone calls to Plaintiff despite Plaintiff's dispute of the subject debt and Plaintiff's request that the phone calls cease.

25. In total, Defendant has placed numerous collection calls to Plaintiff since he requested that the phone calls cease and during the period of time that Plaintiff requested validation of the subject debt.

26. Defendant placed these calls from various phone numbers, including but not limited to the phone number (305) 548-8590.

27. Despite Plaintiff's request that Defendant cease its harassing collection efforts, Defendant continues to employ abusive collection practices in an effort to collect the subject debt, including the use of harassing phone calls.

28. Plaintiff has yet to receive a response to his dispute and validation of the subject debt.

29. As a result, Plaintiff has been unable to make an intelligent decision regarding the subject debt, and has still been subjected to Defendant's aggressive collection actions.

30. Concerned with Defendant's abusive debt collection practices, Plaintiff retained counsel to file this action to compel Defendant to cease its abusive conduct.

## CLAIMS FOR RELIEF

### COUNT I:

### Fair Debt Collection Practices Act (15 U.S.C. §1692 *et seq.*

**a. Violations of FDCPA §1692d**

31. Paragraphs 11 through 30 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

32. Pursuant to § 1692d of the FDCPA, a debt collector is prohibited from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

33. Section 1692d(5) further prohibits "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

34. Defendant violated §§ 1692d and d(5) when it placed numerous collection calls in an attempt to collect the subject debt after Plaintiff requested that the phone calls cease.

35. Defendant's behavior of systematically calling Plaintiff's cellular phone number in an attempt to collect the subject debt was harassing and abusive considering Plaintiff disputed the subject debt and requested validation of the subject debt, to which Defendant did not provide any response.

36. Furthermore, the fact that Defendant knowingly placed calls to Plaintiff after Plaintiff made requests that the calls cease is illustrative of Defendant's intent to harass and annoy Plaintiff.

**b. Violations of FDCPA §1692g**

37. Section 1692g(a) provides:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

    (1)    the amount of the debt;

    (2)    the name of the creditor to whom the debt is owed;

    (3)    a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

    (4)    a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

    (5)    a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. §1692g(a)

38. Section 1692g(b) of the FDCPA provides:

If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.15 U.S.C. § 1692e(11), emphasis added.

    15 U.S.C. §1692g(b)

5

39. Defendant violated 15 U.S.C. §1692g by failing to adequately provide Plaintiff with the disclosures required by the FDCPA.

40. Defendant violated 15 U.S.C. § 1692g(b) by continuing to contact Plaintiff after Plaintiff requested validation of the debt and before providing actual validation of the subject debt.

41. In fact, Defendant never provided a response to Plaintiff's dispute and request for validation.

**WHEREFORE,** Plaintiff ERNESTO P. FERNANDEZ DIAZ requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the Fair Debt Collection Practices Act;

b. Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying Fair Debt Collection Practices Act violations;

c. Awarding Plaintiff his costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II
**Florida Consumer Collection Practices Act (Fla. Stat. § 559.55 *et seq*.)**

42. Paragraphs 11 through 30 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### a. Violation(s) of Fla. Stat. § 559.72(7)

43. Subsection 559.72(7) of the CCPA provides:

In collecting consumer debts, no person shall:

> (7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

Fla. Stat. § 559.72(7).

44. Defendant violated Fla. Stat. § 559.72(7) by continuously calling Plaintiff after being asked to stop. See *Waite v. Fin. Recovery Servs., Inc.*, 2010 U.S. Dist. LEXIS 133438, 2010 WL 5209350, at *3 (M.D. Fla. Dec. 16, 2010). (misconduct includes calling the plaintiff after being asked to stop).

45. Plaintiff may enforce the provisions of Fla. Stat. § 559.72(7) pursuant to Fla. Stat. § 559.77(2) which provides:

> Any person who fails to comply with any provision of s. 559.72 is liable for actual damages and for additional statutory damages as the court may allow, but not exceeding $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff.

**WHEREFORE**, Plaintiff ERNESTO P. FERNANDEZ DIAZ requests the following relief:

a. a finding that Defendant violated Fla. Stat. §§ 559.72(7);

b. an award of actual damages sustained by Plaintiff as a result of Defendant's violation(s);

c. an award of additional statutory damages, as the Court may allow, but not exceeding $1,000.00;

d. an award of court costs and reasonable attorney's fees incurred by Plaintiff; and

e. an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demand a trial by jury.

Dated: April 13, 2021

Respectfully submitted,

**ERNESTO P. FERNANDEZ DIAZ**

By: /s/ *Alexander J. Taylor*

Alexander J. Taylor, Esq.
Florida Bar No. 1013947
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
ataylor@sulaimanlaw.com